UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDI SHOWALTER,

    Plaintiff,

v.                                         Case No. 8:21-cv-1019-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence, the Commissioner's decision is reversed and remanded.

**I.**

**A.     Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 252–62). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 97–164, 167–79). Plaintiff then requested an administrative hearing (Tr. 180). Per Plaintiff's request, the ALJ held a hearing at

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

which Plaintiff appeared and testified (Tr. 41–71). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 10–40). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–7, 251). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1970, claimed disability beginning August 29, 2018 (Tr. 252).[2] Plaintiff obtained at least a high school education (Tr. 353). Plaintiff has no past relevant work experience (Tr. 30, 66). Plaintiff alleged disability due to blindness or low vision, right ankle deformity, right ankle arthritis, diabetes, diverticulitis, depression, fatty liver damage, back pain, high blood pressure, and high cholesterol (Tr. 352).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2019 and had not engaged in substantial gainful activity since August 29, 2018, the alleged onset date (Tr. 15). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the right ankle, plantar

---

[2] Plaintiff's application for SSI indicates an alleged disability onset date of January 1, 2018 (Tr. 254). Notwithstanding, during the hearing Plaintiff's counsel clarified that Plaintiff did not object to the August 29, 2018 alleged onset date (Tr. 45). Accordingly, the ALJ indicated in the administrative decision that Plaintiff alleged disability beginning on August 29, 2018 in both applications (Tr. 13).

fasciitis or osteoarthritis of the right foot, essential hypertension, morbid obesity, diabetes mellitus type 2, and diabetic peripheral neuropathy (Tr. 16). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 21). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except she could stand or walk for a maximum of our hours in an eight-hour workday; could occasionally operate foot controls with the right foot; could occasionally climb stairs, balance, stoop, kneel, crouch, and crawl (Tr. 21–22). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff had no past relevant work (Tr. 30, 66). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform jobs existing in significant numbers in the national economy, such as a routing clerk, a ticket seller, and an office helper (Tr. 31, 66–70). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 32).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation

requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner

are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT")[3] in contravention of Social Security Ruling ("SSR") 00-4p. At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004), superseded on other grounds by regulation as stated in *Jones v. Soc. Sec. Admin.*, No. 22-10507, 2022 WL 3448090 (11th Cir. Aug. 17, 2022); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show that other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Washington*, 906 F.3d at 1359. "The ALJ must articulate specific jobs that the

---

[3] "The DOT is an extensive compendium of data about the various jobs that exist in the United States economy and includes information about the nature of each type of job and what skills or abilities they require." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1357 n.2 (11th Cir. 2018).

claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted); *cf.* 20 C.F.R. §§ 404.1512(b)(3), 416.912(b)(3).

In doing so, the ALJ may "take administrative notice of reliable job information available from various governmental and other publications[,]" including the DOT, published by the Department of Labor. 20 C.F.R. §§ 404.1566(d), 416.966(d). An ALJ may also utilize the services of a VE or other specialist in making the determination at step five as to whether a claimant's work skills can be used in other work and as to the specific occupations in which such skills can be used. 20 C.F.R. §§ 404.1566(e), 416.966(e). A VE is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the ALJ consults a VE. *See id.* at 1243.

Over the years, issues have arisen about the ALJ's duty to investigate and develop an adequate factual record to support a disability determination in cases where VE testimony is contradicted by the DOT, upon which the SSA frequently relies. *See, generally, Washington*, 906 F.3d at 1355–61. With the issuance of SSR 00-4p, the SSA offered its policy interpretation regarding the issue. *See id.* at 1356. Under SSR 00-4p, when an apparent unresolved conflict exists between VE evidence and the DOT, the ALJ "must elicit a reasonable explanation for the

conflict before relying on the VE [] evidence to support a determination or decision about whether the claimant is disabled." 2000 WL 1898704, at * 2 (Dec. 4, 2000). The ALJ must inquire, on the record, whether a conflict exists. *Id.* If a conflict exists, the ALJ must resolve the conflict by determining whether the explanation provided by the VE is reasonable and provides a basis for relying on the VE testimony rather than on the information contained in the DOT. *Id.* Reasonable explanations may include the availability of information about a particular job's requirements or about occupations not listed in the DOT but available in other reliable publications, information obtained directly from employers, or from a VE's experience in job placement or career counseling. *Id.*

In considering the application of SSR 00-4p, the Eleventh Circuit concluded that ALJs maintain "an affirmative duty to identify apparent conflicts between the testimony of a [VE] and the DOT and resolve them." *Washington*, 906 F.3d at 1356. In carrying out that duty, the ALJ must do more than simply ask the VE whether his or her testimony is consistent with the DOT. *Id.* According to the Eleventh Circuit, when a conflict has been identified, SSR 00-4p requires the ALJ to provide a reasonable explanation for the discrepancy and to detail in the decision how the ALJ resolved the conflict. *Id.* The failure to do so means that the ALJ's decision, if based upon the contradicted VE testimony, is not supported by substantial evidence. *Id.* SSR 00-4p thus imposes a duty on the ALJ to identify and resolve "apparent conflicts" between DOT data and VE testimony. *Id.* at 1362. Under this framework, an "apparent conflict" is one "that is reasonably ascertainable or evident from a

review of the DOT and the VE's testimony." *Id.* at 1365. "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.*

Here, in response to hypotheticals posed by the ALJ, the VE testified that a hypothetical individual with Plaintiff's limitations could perform jobs existing in significant numbers in the national economy (Tr. 66–69). Specifically, the VE testified that such a hypothetical individual could perform the following jobs: (1) routing clerk, DOT 222.687-022; (2) ticket seller, DOT 211.467-030; and (3) office helper, DOT 239.567-010 (Tr. 67). Following the recitation of the hypotheticals and the identification of jobs by the VE, the ALJ conducted the following exchange with the VE regarding the consistency between the VE's opinion and the DOT:

> Q: … Please assume a hypothetical individual age 48 to 50 years of age with a high school education with the following limitations. For the first hypothetical, sir, please start with a reduced range of light work such that the individual could stand or walk for a maximum of four hours total in an eight-hour workday instead of the normal six. So, maximum four hours standing, maximum four hours walking. Does that make sense?
>
> A Yes, Judge, I, I, have that.
>
> Q The individual could occasionally operate foot controls with the right foot. The individual could occasionally climb stairs, no climbing ladders. Occasionally balance, stoop, kneel, crouch, and crawl. The individual could frequently tolerate exposure to extreme cold and extreme heat. Mr. Cosgrove would you like me to repeat or clarify the first hypothetical?
>
> A No, I, I have all of that, Judge. Thank you, sir.
>
> Q Could the hypothetical person perform any of the -- any other, any work in the national economy?

> A Yes, Judge, may I offer some such possibilities?
>
> Q Please.
>
> A They could include a routing clerk, that's R-O-U-T-I-N-G, routing clerk, sorting and bundling items for delivery, tee shirts in this box, long sleeve shirts in this box, for example. Routing clerk is light, SVP 2, unskilled, DOT number 222.687-022, 42,000 such positions nationwide, 42,000. Ticket seller. Ticket seller, light, SVP 2, unskilled, 211.467-030, 30,000 nationwide, 30,000. Office helper, someone who literally helps out in an office, shredding materials, collating materials, whatever work, whatever help needs to be done. Office helper, light, SVP 2, unskilled, 239.567-010, 13,800 nationwide, 13,000. Not an exhaustive list, Judge.
>
> Q Thank you, sir. And, is your testimony for the first hypothetical consistent with Dictionary of Occupational Titles?
>
> A Completely so, Judge. Yes, sir.

(Tr. 66–69). In rendering the decision, the ALJ considered this testimony from the VE in concluding, at step five of the evaluation process, that Plaintiff retained the ability to perform the jobs of routing clerk, ticket seller, and office helper and thus was not disabled (Tr. 31). The ALJ identified no conflicts necessitating resolution and noted the VE said the testimony was "completely" in line with the DOT (Tr. 31).

Plaintiff argues that the exchange between the ALJ and VE regarding conflicts with the DOT did not satisfy the ALJ's duty under SSR 00-4p because an apparent conflict exists between the ALJ's finding that Plaintiff could not perform a job requiring more than four hours of standing in an eight-hour workday and the VE's testimony that a hypothetical individual with Plaintiff's limitations could perform the jobs of routing clerk, ticket seller, and office helper, jobs which are

10

defined as "light work" under the DOT (Doc. 19 at 8). Plaintiff bases this contention on her reading of 20 C.F.R. § 404.1567(b) which defines "light work" as "requir[ing] a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls" and SSR 83-10 which provides that "the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an 8-hour workday. Sitting may occur intermittently during the remaining time" (Doc. 19, at 8–9). With respect to the standing requirements related to the VE's listed jobs, the DOT provides only that a job is rated as "light" when: (1) "it requires walking or standing to a significant degree"; (2) "it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls"; or (3) it "requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." *See* U.S. Dep't of Labor, DOT §§ 222.687-022 (Routing Clerk), 222.467-030 (Ticket Seller), 239.567-010 (Office Helper). None of the three cited jobs contain more specific guidance on their respective standing requirements.

      A reasonable comparison of the DOT with the VE's testimony, considering also the context of SSR 83-10 and 20 C.F.R. § 404.1567(b), suggests that a discrepancy exists. *See Washington*, 906 F.3d at 1365. Namely, as Plaintiff posits, the light work designation appears to conflict with Plaintiff's limitation to jobs not requiring more than four hours of standing in an eight-hour workday. Although, as the Commissioner contends, every job that is designated "light work" may not *require* standing for six hours in an eight-hour workday, the record is unclear as to

whether the jobs identified by the VE in this instance involve such work. Indeed, as *Washington* directed, a "conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." 906 F.3d at 1365. Even if, after further investigation, it turns out that no conflict exists, resolution of such discrepancy is better left to the ALJ with input and insight from the VE. *See*, *generally*, *id*. Accordingly, remand is warranted. Upon remand, the ALJ should address the apparent conflict between the VE's testimony and the DOT.

This approach is in accord with other decisions from the Middle District of Florida. For example, in *Horne v. Comm'r of Soc. Sec.*, the VE identified two light level positions that the plaintiff could perform but, on appeal, the court found this testimony in conflict with the plaintiff's limitation to standing for only four hours of a workday. No. 2:20-CV-181-JLB-MRM, 2021 WL 3023679 at *13 (M.D. Fla. June 28, 2021), *report and recommendation adopted*, No. 2:20-CV-181-JLB-MRM, 2021 WL 3022727 (M.D. Fla. July 16, 2021). Specifically, the court reasoned that "the DOTs of both the routing clerk and cashier II state that the job requires light work and '[m]ay involve significant standing, walking pushing, and/or pulling.'" *Id.* at *14 (citations omitted). The court then cited SSR 83-10 for the notion that "[l]ight work requires the individual to stand for a period of six hours in an eight-hour workday." *Id.* It is worth noting that the DOT descriptions in *Horne* and those at issue here have identical provisions regarding standing requirements. *Compare* U.S. Dep't of Labor, DOT §§ 222.687-022 (Routing Clerk), 211.462.010 (Cashier

12

II) *with* U.S. Dep't of Labor, DOT §§ 222.687-022 (Routing Clerk), 222.467-030 (Ticket Seller), 239.567-010 (Office Helper). Other district courts within the Eleventh Circuit have taken the *Horne* approach, finding a conflict between RFCs which contain four-hour standing limits and DOT job descriptions with identical language to those at issue here. *See, e.g.*, *Hayer v. Comm'r of Soc. Sec.*, No. 2:21-CV-436-SPC-NPM, 2022 WL 3567358, at *4 (M.D. Fla. Aug. 3, 2022), *report and recommendation adopted*, No. 2:21-CV-436-SPC-NPM, 2022 WL 3544374 (M.D. Fla. Aug. 18, 2022) (finding a conflict requiring ALJ resolution between a four-hour standing limit and the jobs of routing clerk, cashier II, and parking lot attendant, all containing the same standing limitation); *Knapp v. Kijakazi*, No. CA 21-0394-MU, 2022 WL 1019988 (S.D. Ala. Apr. 5, 2022) (finding a conflict between a four-hour standing limit and the jobs of museum attendant, tanning attendant, and usher). The Tenth Circuit has demonstrated a similar approach. *Chambers v. Barnhart*, No. 03-7007, 2003 WL 22512073 at *3–4 (10th Cir. Nov. 6, 2003) (finding the ALJ should have resolved a conflict between a four-hour standing limitation and light work classified jobs to which the VE testified). This court finds these approaches persuasive.

      The Commissioner's strongest position relies on an unpublished Eleventh Circuit opinion which stated that SSR 00-4p does not require the ALJ to draw inferences about job requirements that are unsupported by the DOT's text and then

resolve conflicts between the VE's testimony and those unsupported inferences.[4] *Christmas v. Comm'r of Soc. Sec.*, 791 F. App'x 854, 857 (11th Cir. 2019) (per curiam). In *Christmas*, the VE acknowledged that the claimant could not frequently communicate with others and could not work in a fast-paced assembly line job and found that she was able to work as a fruit distributor. *Id*. The claimant argued that the VE's testimony conflicted with the DOT because the job of fruit distributor required her to communicate with others and the fruit distributor job suggested it was fast paced. *Id.* The Eleventh Circuit rejected both arguments. Specifically, the Court found that the DOT description of the fruit distributor job did not discuss any communication requirements, nor did it discuss the pace or the quantity of fruit that the distributor should handle. *Id.* Because the DOT description was silent as to those points, there was no apparent conflict. *Id.* The Circuit Court noted that its decision in *Washington* did "not require the ALJ to draw inferences about job requirements that are unsupported by the DOT's text and then resolve conflicts between the VE's testimony and those unsupported inferences." *Id.* Here, however, no inference is required in order to find a conflict between the DOT and the VE's testimony. In *Christmas*, the court had to read certain requirements into the job description at issue to determine that a conflict was present. Here, the DOT definition for the jobs that the VE identified states that Plaintiff may be required to engage in significant standing. *See* U.S. Dep't of Labor, DOT §§ 222.687-022 (Routing Clerk), 222.467-

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

14

030 (Ticket Seller), 239.567-010 (Office Helper) (stating that a job is rated as "light" when: (1) "it requires walking or standing to a significant degree"; (2) "it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls"; or (3) it "requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible"). Although the conflict may be addressed and resolved by the VE perhaps with testimony that the job requires only sitting and using arm controls or it requires less than significant amounts of standing, the fact that the conflict may be resolved by the VE does not make the conflict less of an apparent conflict as defined by *Washington*.[5] Again, a "conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Washington*, 906 F.3d at 1365.

Finally, the Commissioner argues that any error here would be harmless because the VE also testified that Plaintiff could engage in sedentary jobs such as call-out operator, document preparer/scanner, and telephone-order clerk (Tr. 68). Accordingly, the Commissioner argues, remand would serve no useful purpose because the ALJ would simply limit Plaintiff to sedentary work, thereby eliminating a conflict which would require resolution (Doc. 19 at 18). As the Commissioner

---

[5] The Commissioner argues that there is no conflict here because four hours of standing during an eight-hour workday qualifies as a "significant" amount standing. However, the Commissioner points to no authorities in support of this contention (Doc. 19 at 12). Furthermore, even if that is true, it ignores the question. The issue is not whether there is an actual conflict but whether there is an apparent conflict the ALJ must resolve on the record.

15

correctly notes, this Circuit[6] has declined to remand for express findings when doing so would be a "wasteful corrective exercise" in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision. *Ware v. Schweiker,* 651 F.2d 408, 412–13 (5th Cir. 1981). The Eleventh Circuit has previously found harmless error when the ALJ has identified other jobs that the plaintiff can perform and substantial evidence supports the ALJ's finding that they exist in significant numbers. *See Bacon v. Comm'r of Soc. Sec.*, 861 F. App'x 315, 320 (11th Cir. 2021) (finding that even if the VE's testimony that plaintiff could perform work as a mail clerk was inconsistent with his RFC, the inconsistency was harmless because the ALJ's found that plaintiff was capable of performing other, non-conflicting jobs that existed in significant numbers in the national economy); *Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1009 (11th Cir. 2020) ("[A]ny error pertaining to the ALJ's conclusion that he could work as an order clerk is harmless because there are other jobs he is qualified to do even in light of his residual functional capacity, age, education, and work experience."); *Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 674 (11th Cir. 2019) (finding that even if an apparent conflict existed, it would be harmless error because the ALJ identified a different job plaintiff could perform and substantial evidence supported the ALJ's finding that the unaffected job existed in significant numbers in the national economy). However, while reviewing courts examine the record as a whole in evaluating

---

[6] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

whether any error made by the ALJ was harmless, courts within this jurisdiction refrain from deciding factual matters when the ALJ fails to explicitly do so. *See Viverrette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1318 (11th Cir. 2021) (declining to make a factual determination regarding whether non-conflicting jobs existed in significant numbers in the national economy when the ALJ did not do so); *Van Zuidam v. Kijakazi*, No. 20-CV-61511, 2022 WL 1664023, at *12 (S.D. Fla. Mar. 7, 2022) (refraining from finding that the non-conflicting jobs exist in significant numbers in the national economy when the ALJ did not do so). In this case, all of the jobs the ALJ found Plaintiff able to perform—routing clerk, ticket seller, and office helper—were designated as light work. *See* U.S. Dep't of Labor, DOT §§ 222.687-022 (Routing Clerk), 222.467-030 (Ticket Seller), 239.567-010 (Office Helper). And, as discussed above, each of these jobs suffer from the identical defect causing the DOT to conflict with the VE's testimony. While the VE testified that Plaintiff could perform the sedentary jobs of call-out operator, document preparer/scanner, and telephone-order clerk (Tr. 68), the ALJ has not provided any factual findings regarding Plaintiff's ability to perform the identified sedentary jobs (Tr. 31). The Court cannot assume that the ALJ would have found Plaintiff able to perform the sedentary work or that those jobs existed in significant numbers in the national economy; such is a determination of fact that a reviewing court cannot conclude in the place of the ALJ. *Viverrette,* 13 F.4th at 1318. Thus, affirmation on the basis that the error was harmless is unwarranted.

For the foregoing reasons, the ALJ failed to resolve the apparent conflict between the VE's testimony and the DOT. Because the ALJ relied upon this testimony without providing a reasonable explanation for the discrepancy, the ALJ's decision is not supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 5th day of December, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record